IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHAWN COPELAND, | ) |
| Movant, | ) |
| v. | ) Case No. 04-0719-CV-W-HFS |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**ORDER**

Movant seeks relief from his sentence because the court failed to anticipate the sentencing practice established this year in <u>United States v. Booker</u>, 125 S .Ct. 738 (2005). Collateral attack, however, is not permitted, for reasons stated in the Government's Brief. Doc. 15. A review of the most current decisions confirms that <u>Booker</u> cannot be given retroactive effect. See, e.g., <u>Cirilo-Munzo v. United States</u>, 2005 WL 858324 (1st Cir.) (citing uniform rulings from other circuits). Justice Breyer's opinion on remedial issues limits its applicability to "all cases on direct review." 125 S. Ct. at 769.

Even if applied, <u>Booker</u> seldom gives relief from sentences imposed when Guideline enhancements were considered mandatory. See, e.g., <u>United States v. Sayre</u>, 400 F. 3d 599 (8th Cir. 2005) (harmless error to use mandatory sentencing guidelines when the sentence was not affected by failure to treat the guidelines as advisory only).

Movant responds to the Government's contention that his motion is untimely by claiming that he was misled by the waiver provisions of the plea agreement, which kept him from appealing and/or filing a motion for collateral relief. The waiver provisions were in a standard form used by

the Government, and were presumably adequately explained by his counsel and by the court.[1] The Circuit has enforced such waivers. See Chesney v. United States, 367 F.3d 1055, 1057 (8th Cir. 2004).

The motion under 28 U.S.C. §2255 is DENIED. Any certificate of appealability will also be DENIED. [2]

                                            /s/ Howard F. Sachs
                                            HOWARD F. SACHS
                                            UNITED STATES DISTRICT JUDGE

April 21, 2005

Kansas City, Missouri

---

[1] A transcript of the plea-change proceeding is not provided.

[2] Thus movant may seek such a certificate, if pursued, in the Court of Appeals.